IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVERETT V. REEDY,

    Petitioner,

vs.

SHARON BLACKETTER,

    Respondent.

Civ. No. 04-525-TC

FINDINGS AND RECOMMENDATION

Coffin, Magistrate Judge:

Before the court is petitioner's Amended Petition for Writ of Habeas Corpus (#9). For the reasons that follow, the petition should be denied.

## Background

This case stems from events that transpired on March 3, 1998. Petitioner, his girlfriend, Kolena Bruce, and their two-year-old son visited the home of Kolena's parents. Tr. 186, 192. Petitioner and Kolena's father testified that petitioner consumed beers and rum-and-coke drinks that evening between 4:00 to 5:00 and 9:40. Tr. 195, 215. Petitioner installed a car seat in the back of his Chevrolet Camaro, secured his child in it, and drove off with Kolena in the passenger seat. Tr. 217. Approximately

1 Findings and Recommendation

two miles from the home of Kolena's parents, petitioner attempted to overtake another car in a no-passing zone, along a curve in the road. Tr. 118-27, 149, 173-80. Petitioner's vehicle entered an oncoming traffic lane between a median and concrete wall and struck a van. Tr. 84, 124. Kolena died, and petitioner's son suffered a fractured clavicle. Tr. 116, 124.

Petitioner stated that he felt an alcohol "buzz" at the time of the accident. Witnesses at the crash scene, investigating officers, and hospital staff opined that petitioner was intoxicated. Three hours after, his blood alcohol content was .12 percent. Tr. 50, 54, 66, 67, 85, 116, 160, 168, 225.

After a jury trial, petitioner was convicted of the Manslaughter in the First Degree, Recklessly Endangering Another Person, Reckless Driving, and Driving Under the Influence of an Intoxicant. The manslaughter verdict was nonunanimous. Tr. 311-12.

Petitioner sought direct review in the Oregon Court of Appeals, which affirmed the judgment of the circuit court without an opinion. The Oregon Supreme Court denied review. Resp. Ex. 106, 107. Petitioner was denied post-conviction relief in Umatilla County court, the Oregon Court of Appeals, and Oregon Supreme Court. Resp. Ex. 124, 128-29. Petitioner filed a second petition in Umatilla County Court for post-conviction relief raising claims of ineffectiveness and procedural unfairness due to the nonunanimous verdict. It was dismissed as successive. Resp. Ex. 131. The matter was remanded after appeal because petitioner filed as an indigent person and was not appointed counsel. Resp. Ex. 134-36. On remand, the petition was

2 Findings and Recommendation

dismissed as time-barred and successive. Resp. Ex. 137-39. On appeal, the Oregon Court of Appeals granted summary affirmance in favor of the respondent, and the Oregon Supreme Court denied review. Ex. 140-47.

Petitioner filed a Petition for Writ of Habeas Corpus in this court pro se, alleging a number of grounds for relief (set forth infra). His counsel later filed an Amended Petition for Writ of Habeas Corpus alleging three new claims: violation of due process and equal protection as a result of his manslaughter conviction by a nonunanimous jury; ineffectiveness of trial counsel for failing to challenge the nonunanimous verdict; and ineffectiveness of appellate counsel for failing to advance that issue on appeal.[1] Petitioner's counsel "incorporated by reference" petitioner's claims forwarded in the initial pro se petition.

Respondent asserts that the new claims in the amended petition should be denied because they fail to "relate back" to those set forth in the pro se petition. Respondent further argues that the court should dismiss claims in the pro se petition because they were not traversed by petitioner's counsel. In the alternative, respondent asserts that the claims in both petitions fail because they are unexhausted, procedurally defaulted, and lack merit. As explained below, the court recommends dismissal of petitioner's claims.

---

[1] Petitioner parses the first claim into two separate claims, based on different constitutional theories. For the purposes of this opinion, I treat them as a single claim of trial court error.

3 Findings and Recommendation

Discussion

Claims in Initial Petition

As an initial matter, I must resolve the reviewability of claims in petitioner's initial petition, which were not properly included in the amended petition under LR 15. LR 15(c) requires a party submitting an amended pleading to reproduce the entire pleading and describe the changes made. It also prohibits a party from incorporating by reference claims in the superseded pleading, which petitioner attempted to do in his motion to amend. In the amended petition, petitioner recites that the claims asserted in his initial, pro se pleading are "incorporated" into the amended pleading, which asserts three new claims. He did not set forth the initial claims in his subsequent pleading. In doing so, petitioner failed to comply with LR 15(c).

Only one of the claims raised in petitioner's initial pleading is argued in petitioner's briefing. Even if that claim were properly before this court, it should be dismissed. He asserts that he was denied effective trial court representation because his attorney failed to adduce testimony from the father of petitioner's girlfriend (Bunce) that the Camaro had not been operating properly. In petitioner's view, that omitted testimony, when combined with the fact that petitioner was sober enough to install a car seat before departing, would have made a difference in the outcome of the case.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas relief

4 Findings and Recommendation

regarding any claim "adjudicated on the merits" in a state court unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The Supreme Court has explained that a state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. Williams v. Taylor, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

"In Williams and in subsequent decisions the Supreme Court has repeatedly emphasized that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting Williams, 529 U.S. at 410). Thus, "[t]he petitioner must demonstrate not only that the state court's application of governing federal law was erroneous, but also that it was objectively unreasonable." Ramirez v. Castro, 365 F.3d 755, 762 (2004) (citing Andrade, 538 U.S. at 75); see also Penry v. Johnson, 532 U.S. 782, 793 (2001); Clark, 331 F.3d at 1068-69 (discussing Andrade and the appropriate standard of review).

In ineffective assistance of counsel cases, the federal law in question is the Strickland standard, which states that a

5 Findings and Recommendation

defendant alleging a Sixth Amendment violation must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Thus, the task of the habeas court is to consider whether the post-conviction court implemented an unreasonable application of Strickland when it determined that petitioner was not denied effective assistance of counsel.

Petitioner bears the burden of proving, by a preponderance of the evidence, the underlying facts supporting the ineffective assistance of counsel claim. See ORS 138.620(2). Moreover, 28 U.S.C. § 2254(d) creates a presumption that state court findings of fact, after a hearing on the merits, are correct.

In this case, the post-conviction court did not implement an unreasonable application of Strickland. At trial, Bunce testified in response to defense counsel questioning. He stated that he had driven the Camaro "several times" until "a little over a month" before the accident. When asked about the car's condition, Bunce testified, "The car appeared to be fine." Tr. 218. Bunce's post-conviction affidavit was inconsistent with that testimony. He averred instead that the car had a history of mechanical defects. Resp. Ex. 110. In the same affidavit, respondent points out, Bunce averred that petitioner was not intoxicated when he drove away after an afternoon of drinking.

The post-conviction court determined that Bunce was not credible. Resp. Ex. 122. The post-conviction court further observed that if the trial court attorney dissuaded Bunce from testifying, it was within the range of tactical choice under

6 Findings and Recommendation

Strickland, and thus petitioner's trial attorney did not err by failing to adduce testimony on the issue of the car's mechanical condition. Indeed, the trial attorney asked Bunce under oath how the car operated. It was not unreasonable for the post-conviction court to understand Bunce's affidavit as a post hoc rationalization of the accident. In view of Bunce's trial testimony and the trustworthiness of Bunce's post-trial affidavit, which maintained that petitioner was not intoxicated, I cannot agree that the post-conviction court erred in concluding that trial counsel's conduct in this respect was adequate. Because the trial counsel representation did not fall below the standard of care required, I need not consider whether the allegedly neglected testimony would have made a difference in the outcome of the case.

In sum, even if this ineffectiveness claim were properly before the court, I would conclude that the post-conviction court did not implement an unreasonable application of the Strickland standard.

Claims in Amended Petition

The court is left with the following three claims in the amended petition: The trial court erred in permitting petitioner to be convicted on the manslaughter charge after a nonunanimous verdict; trial counsel was ineffective to failing to preserve an objection to the nonunanimous jury verdict; and appellate counsel was ineffective for failing to raise the nonunanimous jury verdict issue on appeal.

Respondent argues that those claims are untimely under AEDPA

7 Findings and Recommendation

because they were brought after the limitation period expired and do not relate back to claims set forth in the initial petition, as required by Federal Rule of Civil Procedure 15(c)(2). The relation-back standard of Rule 15, which permits new claims in an amended petition that share a common core of operative facts with those in the original pleading, governs in federal habeas cases. Mayle v. Felix, 545 U.S. 644, 664 (2005) ("[s]o long as the original and amended petitioner state claims that are tied to a common core of operative facts, relation back will be in order").

In Mayle, the Supreme Court clarified amendment of habeas petitions filed under the AEDPA, and its corresponding one-year statute of limitations provision, 28 U.S.C. § 2244(d)(1). The Court construed Fed. R. Civ. P. 15(c)(2)'s relation-back principle and held that amended habeas claims only relate back to "timely" habeas claims when such claims are tied to a common core of operative facts. The Supreme Court held that a claim in an amended petition does not relate back (so as to avoid the statute of limitations bar) "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.

In petitioner's initial petition, he raised a number of various grounds for relief, summarized here:

> (1) challenge to constitutionality of Measure 11 under the federal constitution;
>
> (2) trial court error for (a) not dismissing a juror who knew the prosecuting attorney; (b) making derogatory remarks in the jury's presence; (c) failing to order the prosecutor to produce the warrant that allowed the search of petitioner's car;

8 Findings and Recommendation

(3) defense counsel ineffectiveness for (a) limiting petitioner's participation at trial; (b) failing to object to certain evidence; (c) failing to interview accident witnesses and cross-examine a prosecution witness, or present evidence concerning the Camaro's mechanical condition; (d) failing to present evidence of police and prosecutorial misconduct and flaws in sobriety and blood alcohol testing; (e) stating during opening argument that petitioner would be held accountable for his wife's death; and (f) not allowing petitioner to testify;

(4) prosecutorial misconduct in procurement of a warrant and in testimony before grand jury; and,

(5) post-conviction court error in imposing attorney fees.

In none of those initial claims did petitioner challenge the nonunanimous jury verdict, nor did he challenge the adequacy of his trial and appellate attorneys' representation for failure to challenge the nonunanimous verdict. Under Mayle, the new claims are impermissible because they assert grounds for relief that are "supported by facts that differ in both time and type from those the original pleading set forth." 545 U.S. at 650.

In respondent's view, because they do not relate back to the claims in the initial pleading, they cannot be rescued from AEDPA's time bar. Because 224 days transpired after his direct appeal was final and before tolling was triggered by his petition for post-conviction relief, petitioner's AEDPA time limit extended 141 days after his post conviction judgment became final, which was May 5, 2004. See 28 U.S.C. § 2244(d)(2) (AEDPA limitation period is tolled while state post-conviction proceedings are pending). The amended petition was filed on May 17, 2005, about seven months after his time limit expired. Thus, respondent explains, the claims are time barred.

9 Findings and Recommendation

Petitioner asserts that the claims are timely because they are based on the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296 (2004), which should confer a retroactive right to an unanimous jury verdict. Under those circumstances, petitioner argues, the one-year AEDPA statute of limitation began to run when Blakely was announced, June 24, 2004. Petitioner asserts that because he acted to invoke the purported right within a year, in his post-conviction case and by filing his amended petition for writ of habeas corpus in this court, his claim is timely.

Petitioner's argument is predicated on the existence of a two-part ruling that this court will not recommend. Petitioner must first demonstrate that Blakely confers the right to a trial that requires a unanimous jury verdict. If petitioner succeeds on that front, he must then establish that such a right should be applied retroactively to cases on collateral review. As I explain, this position is simply not supported in Blakely.

First, the court does not agree that Blakely guarantees a right to a unanimous jury verdict. Petitioner's argument is as follows: Blakely announced a new Sixth Amendment right to unanimous jury verdicts in criminal cases. In doing so, it overturned prior plurality rulings to the contrary in Apodaca v. Oregon, 406 U.S. 404 (1972), and Johnson v. Louisiana, 406 U.S. 356 (1972), whose authority was "less than binding" because the plurality opinions were based on split analyses. The Blakely Court resolved the issue, petitioner argues, when it characterized the rule of Apprendi by stating:

> This rule reflects two longstanding tenets of common-

10 Findings and Recommendation

> law criminal jurisprudence: that the "truth of every accusation" against a defendant "<u>should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors</u>," 4 W. Blackstone, Commentaries on the Laws of England 343 (1769) and that "an accusation which lacks any particular fact which the law makes essential to the punishment is ... no accusation within the requirements of the common law, and it is no accusation in reason," 1 J. Bishop, Criminal Procedure § 87, p. 55 (2d ed. 1872).

<u>Blakely</u>, 542 U.S. at 301-02 (emphasis added). In other words, petitioner essentially argues that this court should extricate a unanimity requirement from <u>Blakely</u> dictum, based on (1) the Court's apparent presupposition that such a requirement exists, (2) which it disclosed by way of a Blackstone quotation used to summarize <u>Apprendi</u>. Petitioner adduces authority supporting the proposition that, when a majority decision (such as <u>Blakely</u>) calls into question a prior plurality analysis, a lower court may consider whether the prior opinion has been overturned and may follow the later decision.

The court appreciates petitioner's reasoning but disagrees with his contention that <u>Blakely</u> overruled <u>Apodaca</u> and <u>Johnson</u> on the question whether the jury trial right requires a unanimous verdict in criminal trials. In petitioner's view, because <u>Apodaca</u> was a plurality opinion with split analyses, the <u>Apodaca</u> holding reduces to the "position taken by the justices who concurred in the judgments on the narrowest grounds." <u>Marks v. United States</u>, 430 U.S. 188, 193 (1977). The narrowest ground, petitioner observes, is Justice Powell's position that a unanimous jury verdict is guaranteed by the Sixth Amendment but not incorporated to the states by the Fourteenth Amendment. Petitioner also observes that no other justice joined in that

11 Findings and Recommendation

position, so characterizing it as the "plurality holding" is problematic.

Whether or not I share petitioner's understanding of the Apodaca holding,[2] I do not understand Blakely to have addressed, much less overturned, Apodaca's answer to whether a unanimous verdict is constitutionally required in state courts. The Blakely Court addressed the question whether enhancement of sentences based on facts not found by a jury violates the federal jury trial right. The Blakely case arose from a state in which unanimous jury verdicts are required in criminal trials. The question whether nonunanimity violates the federal constitution was not before the Blakely Court and was not a part of the Court's analysis.

Further, the Blackstone quotation used to describe the Apprendi holding described "common-law criminal jurisprudence" reflected in the Apprendi case, which also arose from a state that required unanimous verdicts and did not raise the nonunanimty issue. I do not disagree that Blackstone understood unanimous verdicts as a hallmark of common-law criminal process. But I cannot assume that the Blakely Court intended to overturn Apodaca so quietly, and simply by excerpting a single, eighteenth-century, broadbrush description of common law. Rather, the quotation formed part of a backdrop for framing Apprendi, and the matter of unanimity had no role in the Blakely analysis.

---

[2] Because Justice Powell's position was unique, the applicability of the Marks standard for assessing plurality holdings is of little use in this case.

12 Findings and Recommendation

Because I do not find the right to a unanimous jury trial in the <u>Blakely</u> decision, I need not address petitioner's argument that the purported right is retroactive.

In the absence of any retroactive principle, petitioner's claims are untimely. As explained above, the amended petition was filed on May 17, 2005, about seven months after his time limit expired.

In sum, petitioner's claims in the amended petition are untimely and do not relate back to those in the initial petition. They are not properly before this court and should ne dismissed.

## Conclusion

For the foregoing reasons, petitioner's Amended Petition for Writ of Habeas Corpus (#9) should be denied and the case dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

13 Findings and Recommendation

Dated this 14 day of December, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

14 Findings and Recommendation